United States District Court
Southern District of Texas
**ENTERED**
October 04, 2018
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JONATHAN TRIPLETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-296 |
| | § | |
| KELSEY B., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

This civil rights action was filed by a pretrial detainee pursuant to 42 U.S.C. § 1983.  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff Jonathan Triplett's action is subject to screening regardless whether she prepays the entire filing fee or proceeds as a pauper.  *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).  Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's § 1983 claims against Defendants related to his probation revocation be dismissed with prejudice

as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  It is respectfully recommended further that, to the extent Plaintiff complains about the legality of his probation revocation, it is recommended that this claim be dismissed without prejudice to it being reasserted in a federal habeas corpus petition after exhausting available state remedies.

## I.      JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.     BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is currently in custody as a pretrial detainee at the San Patricio County Jail in Sinton, Texas.  He is in custody on certain charges that served as a basis to revoke his probation in connection with a previous conviction in Aransas County, Texas.  (D.E. 1, p. 5).  Plaintiff filed his Original Complaint on September 19, 2018, naming the following individuals as Defendants: (1) Aransas County District Attorney Kelsey B.; (2) Judge Patrick Flanagan; and (3) Aransas County.  (D.E. 1, pp. 1, 3).  In addition to monetary relief, Plaintiff asks that his probation revocation be overturned.  (D.E. 1,  p. 5).

## III.    LEGAL STANDARD

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when the complaint does

not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

## IV. DISCUSSION

Plaintiff's claim challenging his probation revocation is subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. The *Heck* rule also applies where a plaintiff seeks injunctive or declaratory relief, which, if granted, would necessarily imply that a conviction is invalid. *See Mann v. Denton County, Texas*, 364 F. App'x 881, 883 (5th Cir. 2010); *Reger v. Walker*, 312 F.

App'x 624, 625 (5th Cir. 2009).   Lastly, *Heck* has been extended to cover probation revocations.   *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995); *Thomas v. Epps*, 534 F. App'x 231, 232 (5th Cir. 2013).

Any ruling in Plaintiff's favor on his claim that the probation revocation was improper would necessarily imply the invalidity of his Aransas County probation revocation.  *Heck*, 512 U.S. at 487.   Since no court has reversed or otherwise invalidated Plaintiff's probation revocation, Plaintiff's claim seeking monetary and injunctive relief is barred by *Heck*.[1]   *See Henderson v. Jasper Police Dept.*, No. 1:10-cv151, 2010 WL 5283281, at * (E.D. Tex. May 17, 2010) (dismissing as *Heck*-barred claims attacking the validity the prisoner's challenge to her probation revocation).   Because Plaintiff's § 1983 claim against Defendants is barred by *Heck* as premature, it is respectfully recommended that same be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.[2]

The undersigned next considers whether Plaintiff's action should be construed as a federal habeas corpus action.   The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is through a habeas corpus petition.  *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).   Plaintiff, however, cannot seek such relief in a federal habeas corpus petition until after he has exhausted his available state court remedies.   *See* 28 U.S.C. § 2254(b); *Alexander v.*

---

[1] Moreover, as the judge and prosecutor in connection with Plaintiff's probation revocation, Judge Flanagan and District Attorney Kelsey B.  are immune from damages claims.   *Stump v. Sparkman*, 435 U.S. 349 (1978) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity).

[2] The Fifth Circuit has held that *Heck*-barred claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met."   *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

*Johnson*, 163 F.3d 906, 909 (5th Cir. 1998).  Plaintiff offers no allegations to suggest that he has exhausted such remedies with respect to his probation revocation.  Accordingly, to the extent Plaintiff complains about the legality of his probation revocation, it is recommended that this claim be dismissed without prejudice to it being reasserted in a federal habeas corpus petition after exhausting available state remedies.

## V.   CONCLUSION

For the reasons stated above, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), it is respectfully recommended that Plaintiff's § 1983 claim against Defendants related to his probation revocation be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.  It is respectfully recommended further that, to the extent Plaintiff complains about the legality of his probation revocation, it is recommended that this claim be dismissed without prejudice to it being reasserted in a federal habeas corpus petition after exhausting available state remedies.  Lastly, because this dismissal meets the requirement of a "strike" for purposes of 28 U.S.C. § 1915(g), it is respectfully recommended that the Clerk of the Court forward a copy of this Memorandum and Recommendation to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 4th day of October, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).